IN THE UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF GEORGIA

IN RE:

Kevin Brian Vickery,          Chapter 7
                              Case No: 11-051584 jps
Debtor.

## REAFFIRMATION AGREEMENT

Part A:

**BEFORE AGREEING TO REAFFIRM THIS DEBT, REVIEW THESE IMPORTANT DISCLOSURES:**

**INSTRUCTIONS AND NOTICE TO DEBTOR**

**This summary is made pursuant to the requirements of the Bankruptcy Code.**

_BW_ Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B.

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you, or your creditor.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

### Your right to rescind (cancel) your reaffirmation agreement

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**What are your obligations if you reaffirm the debt ?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, you obligations will be determined by the reaffirmation agreement, which may have changed the terms of the original agreement. For example, if you are reaffirming an open-end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien no your property. A 'lien' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the time rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

If the debt you have agreed to reaffirm is secured by a security interest which has not been waived in the whole or in part, or determined to be void by a final order of the Court at the time of this disclosure, a security interest in goods or property is asserted over some or all of the debts you are reaffirming. The goods or property subject to the security interest are listed in Part B.

NOTE: When this disclosure refers to what a creditor "may do", it does not use the word may to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

*BKV*

## AMOUNT REAFFIRMED

a. The amount of debt you have agreed to reaffirm is: $15,099.26
(as of June 30th, 2011)

b. All fees and costs accrued as of the date of this disclosure statement, related to the amount of debt shown is a. above is: $500.00 *BKV*

*BKV* c. The total amount you have agreed to reaffirm as of the date of this disclosure statement is: $15,599.26

*Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

The Simple Interest Rate on the debt you have agreed to reaffirm as of the date this disclosure statement is given to you is as shown below. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the applicable rate is: 10% per annum

**If the interest rate on your loan is a variable interest rate which changes from time to time, if so the annual percentage rate disclosed here may be higher or lower.**

# REAFFIRMATION AGREEMENT

Part B:

I, Kevin Brian Vickery, agree to reaffirm the debt arising under the credit agreement described below.

**Credit Agreement**

Creditor:                Fort McPherson Credit Union
Account Number:          232750
Date of Credit Agreement November 12th, 2009
Amount Financed:         total amount $17,000.00
Principal Amount Owed:   $15,099.26
Annual Percentage Rate:  10%
Amount of Payment:       $375.88
Frequency of Payment:    monthly
Date 1st payment is due: July 15th, 2011

Description of goods or property subject to security interest: 2004 Harley Davidson Motorcycle model FLSTC

Description of any changes to the Credit Agreement made as a apart of this Reaffirmation Agreement: Due to the bankruptcy the projected final payment may be moved back and the balance has increased due to fees incurred.

The Debtor agrees that any and all remedies available to the creditor under the Credit Agreement Remain available.

This the _13_ day of _July_, 2011.

_____
Brian Kevin Vickery, a/k/a Kevin Brian Vickery, Borrower

Accepted by Creditor this the _21st_ day of _July_, 2011.

_____
Charles M. Gisler, # 296262
Attorney for Creditor
165 N. Main St.

Jonesboro, Ga 30236-3568
770-478-7730

Part C:

### CERTIFICATION BY DEBTOR'S ATTORNEY

__A__ I hereby certify that this agreement represents a fully informed and voluntary agreement by the debtor, Kevin Brian Vickery; this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement. After consultation with the debtor in my opinion the debtor can make the payments called for under this reaffirmation agreement.

This the 19th day of July, 2011.

Christopher A. Collins, Esq.
Attorney for Debtor

Part D:

### DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or on me and is in my best financial interest. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus an other income received) is $ 2000.00 and my actual current monthly expenses including monthly payments on post-bankruptcy debts and other reaffirmation agreements total $ 600.00
$ 1400.00, leaving $ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed signed reaffirmation agreement.

Kevin Brian Vickery, Debtor                                  Date
                                                             07-13-11